1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11

| | |
|---|---|
| JARROD GORDON<br>BB-8328,<br><br>                                    Plaintiff,<br><br>v.<br><br>DR. MUDD; TRI CEITY MEDICAL<br>CENTER; NURSE ERIN,<br><br>                                    Defendants. | Case No.:  3:18-cv-00376-MMA-AGS<br><br>**ORDER DISMISSING CIVIL<br>ACTION WITHOUT PREJUDICE<br>FOR FAILING TO PAY<br>FILING FEE REQUIRED<br>BY 28 U.S.C. § 1914(a) AND/OR<br>FAILING TO MOVE TO PROCEED<br>IN FORMA PAUPERIS<br>PURSUANT TO<br>28 U.S.C. § 1915(a)** |

12
13
14
15
16
17
18
19
20

        JARROD GORDON ("Plaintiff"), currently incarcerated at Chuckawalla Valley

21

State Prison located in Blythe, California, and proceeding pro se, has filed a civil rights

22

complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (Doc. No. 1).

23

**I.      Failure to Pay Filing Fee or Request IFP Status**

24

        All parties instituting any civil action, suit or proceeding in a district court of the

25

United States, except an application for writ of habeas corpus, must pay a filing fee of

26
27

$400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the Plaintiff is a prisoner, and even if he is granted leave to commence his suit IFP, he remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2*); Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence this civil action, nor has he submitted a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). Therefore, his case cannot yet proceed.  See 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II.      Conclusion and Order

For the reasons set forth above, the Court hereby:

(1)      **DISMISSES** this action sua sponte without prejudice for failure to pay the $400 civil filing and administrative fee or to submit a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

(2)      **GRANTS** Plaintiff **forty-five (45)** days leave from the date this Order is filed to:  (a) prepay the entire $400 civil filing and administrative fee in full; or (b) complete and file a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint.  See 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2(b).

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. Id.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either prepay the $400 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within 45 days, this action will remain dismissed without prejudice based on Plaintiff's failure to satisfy 28 U.S.C. § 1914(a)'s fee requirements and without further Order of the Court.

**IT IS SO ORDERED**.

DATE: February 21, 2018

HON. MICHAEL M. ANELLO
United States District Judge