**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JARROD GORDON, CDCR #BB-8328, <br><br> Plaintiff, <br><br> vs. <br><br> DR. MUDD; TRI CITY MEDICAL CENTER; NURSE ERIN, <br><br> Defendants. | Case No.: 3:18-cv-00376-MMA-AGS <br><br> **ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

**I.     Procedural History**

On February 16, 2018, Jarrod Gordon ("Plaintiff"), currently incarcerated at Mule Creek State Prison located in Ione, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1). Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a); instead he filed a Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915(a) (Doc. No. 3).

1

In March 16, 2018, the Court granted Plaintiff's Motion to Proceed IFP but simultaneously dismissed his Complaint for failing to state a claim upon which relief could be granted. (Doc. No. 4.) Plaintiff was granted leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (*Id.*) On March 28, 2018, Plaintiff filed his First Amended Complaint ("FAC"). (Doc. No. 5.)

**II.   Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

   A.   Standard of Review

As the Court stated in the previous Order, notwithstanding Plaintiff's IFP status or the payment of any partial filing fees, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Plaintiff's Allegations

On January 24, 2018, Plaintiff was "admitted into Tri-City Medical Center for a dental procedure." (FAC at 3.) Plaintiff claims he was supposed to have a "surgical drain removed, as well as stitches" from his "gums and inner cheek." (*Id.*) However, Plaintiff claimed he told "medical staff" that he was going to "refuse all treatment" due to his "gums and cheek not being all the way healed properly." (*Id.*) Plaintiff alleges he did not sign any consent forms to be treated. (*Id.*)

The following day, Defendant Mudd, using the "light of Nurse Erin's cellphone, snatched the surgical drain" and removed Plaintiff's stitches. (*Id.*) Plaintiff alleges he was "bleeding so much Nurse Erin" placed gauze in his mouth to stop the bleeding. (*Id.*) Plaintiff acknowledges that Defendant Mudd prescribed him "a narcotic and motrin for pain." (*Id.*) However, Plaintiff claims that the procedure should have taken place in an "operating room" and he should have been provided an "I.V." (*Id.*) Plaintiff was discharged from the hospital and alleges Defendant Mudd "falsified" Plaintiff's medical records but failed to remove all of the stitches. (*Id.*)

C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

D. Eighth Amendment claim

Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation and internal quotation marks omitted). "A determination of 'deliberate indifference' involves an examination of two elements: (1) the seriousness of the prisoner's medical need and (2) the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting *Estelle*, 429 U.S. at 104).

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), citing *Estelle*, 429 U.S. at 103-104. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 914 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and

substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.*, citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990); *Hunt v. Dental Dept.*, 865 F.2d 198, 200-01 (9th Cir. 1989).

Once again, at the screening stage of these proceedings, the Court will assume that Plaintiff's allegation of having suffered a dental injury grave enough to require medical intervention is sufficient to show he suffered an objectively serious medical need. *See* Compl. at 3; *McGuckin*, 914 F.2d at 1059.

However, even assuming Plaintiff's dental needs were sufficiently serious, his FAC fails to include any further "factual content" to show that either Dr. Mudd or Nurse Erin acted with "deliberate indifference" to those needs. *McGuckin*, 914 F.2d at 1060; *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Iqbal*, 556 U.S. at 678.

Plaintiff claims that Defendant Mudd performed a dental procedure without his consent. *See* FAC at 3. Plaintiff also claims that Defendant Mudd removed the surgical drain and the stitches in his mouth, although Plaintiff also claims that Defendant Mudd failed to remove all of the stitches in his mouth. *See id.* Plaintiff further acknowledges that Defendant Mudd prescribed pain medication for him following the procedure. *See id.* As to Defendant Erin, Plaintiff's only claim against her is her attempt to stop the bleeding in Plaintiff's mouth by applying gauze. *See id.*

As the Court previously informed Plaintiff, to state an Eighth Amendment claim, Plaintiff must include "further factual enhancement," *Iqbal*, 556 U.S. at 678, which demonstrates both Dr. Mudd and Nurse Erin's "purposeful act or failure to respond to [his] pain or possible medical need," *and* the "harm caused by [this] indifference." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett*, 439 F.3d at 1096). This is because to be deliberately indifferent, both Mudd and Erin's acts or omissions must entail more than he has alleged here—an isolated act of alleged negligence and/or lack of due care. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122. *See Toguchi*, 391 F.3d at 1057 ("Mere negligence in diagnosing or treating a medical condition, without more, does not

violate a prisoner's Eighth Amendment rights."). Simply put, an "inadvertent [or negligent] failure to provide adequate medical care" does not state a claim under § 1983. *Jett*, 439 F.3d at 1096 (citing *Estelle*, 429 U.S. at 105).

Moreover, to the extent Plaintiff objects to the decisions made by Dr. Mudd as to how he would remove the stitches, "[a] difference of opinion between a physician and the prisoner–or between medical professionals–concerning what medical care is appropriate does not amount to deliberate indifference." *Snow*, 681 F.3d at 987 (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)); *Wilhelm*, 680 F.3d at 1122-23. Instead, Plaintiff must plead facts sufficient to "show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citation and internal quotations omitted).

As to Defendant Tri-City Medical Center, the only claims against this Defendant appear to be the allegations that Defendant Mudd "did not follow Tri-City Medical Center policy" to perform the procedure in "an operating room." (FAC at 3.) "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988), citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986); *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.") Plaintiff has not stated a claim against Defendant Tri-City Medical Center because he has failed to allege facts regarding what actions were taken or not taken by the Defendant which caused the alleged constitutional violations.

Accordingly, the Court finds that Plaintiff's FAC fails to state an Eighth Amendment inadequate medical care claim against any of the named Defendants, and that therefore, it is subject to sua sponte dismissal in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez,* 203 F.3d at 1126-27; *Rhodes*, 621 F.3d

at 1004. Because he is proceeding pro se, however, the Court will also grant Plaintiff an opportunity to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

### III. Conclusion and Orders

For the reasons explained, the Court:

**DISMISSES** Plaintiff's FAC for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Second Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Second Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file a Second Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

DATE: April 23, 2018

HON. MICHAEL M. ANELLO
United States District Judge